```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

FRANCISCO COSSIO,

                Petitioner,

vs.                                  Case No.   2:11-cv-471-FtM-29UAM
                                                      2:09-cr-90-FtM-29SPC

UNITED STATES OF AMERICA,

                Respondent.
_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #1) filed on August 24, 2011, asserting a single issue of ineffective assistance of counsel with regard to filing a direct appeal. Upon review, the Court referred the matter to the Magistrate Judge to conduct a hearing and appointed the Federal Public Defender's Office to represent petitioner. (Docs. #4, 5.) The government filed a Response in Opposition (Doc. #14) on May 7, 2012.

On July 18, 2012, with the permission of the Court, counsel filed Petitioner's First Amended Petition Under 28 U.S.C. § 2255 (Doc. #24) raising an additional issue of ineffective assistance of counsel pursuant to Padilla v. Kentucky, 559 U.S. 356 (2010). The government filed a Response in Opposition (Doc. #27) on August 7, 2012, essentially adopting its previously filed Response and suggesting that the hearing would address both issues.

On August 9, 2012, the Magistrate Judge conducted an evidentiary hearing and heard testimony from petitioner and petitioner's counsel in the underlying criminal proceeding, and argument from counsel. (Doc. #31.) On October 4, 2012, the Magistrate Judge issued a Report and Recommendation (Doc. #33) that petitioner should be denied relief on both issues. Petitioner filed Objections (Doc. #36) on November 18, 2012. On February 21, 2013, the undersigned directed petitioner to file a supplemental memorandum in light of Chaidez v. United States, 133 S. Ct. 1103 (2013), (Doc. #37), and petitioner did so on March 13, 2013, (Doc. #38).

**I.**

On October 14, 2009, a federal grand jury in Fort Myers, Florida returned a five-count Indictment (Cr. Doc. #53) charging in Count One that Francisco Cossio (Cossio or petitioner) and co-defendants knowingly and willfully conspired with each other, and others known and unknown to the Grand Jury, to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine. Counts Two and Three charged only petitioner with the knowing possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine on various dates. Count Four charged petitioner and one co-defendant with the knowing possession with intent to distribute a quantity of a mixture or substance

containing a detectable amount of cocaine on September 8, 2009, and Count Five charged petitioner and three co-defendants with the knowing possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine.

On February 8, 2010, petitioner pled guilty to Counts One, Two, Three, Four, and Five of the Indictment pursuant to a written Plea Agreement (Cr. Doc. #128). (Cr. Docs. ## 138, 139, 140.) On May 24, 2010, the Court sentenced petitioner to a term of imprisonment of 57 months as to each count, to be served concurrently, and to be followed by a term of supervised release. (Cr. Doc. # 166.) Judgment was filed on May 25, 2010. (Cr. Doc. #167.) No direct appeal was filed.

**II.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of

Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

After independently reviewing the record, the Court adopts the Report and Recommendation, as supplemented by Chaidez v. United States, 133 S. Ct. 1103 (2013), which held that Padilla was not retroactively applicable to final convictions. Because Cossio's conviction became final prior to Chaidez, he cannot benefit from its holding. Chapa v. United States, No. 11-13722, 2013 WL 1197104 (11th Cir. March 25, 2013). Additionally, the Court agrees that petitioner's counsel did not provide ineffective assistance of counsel in any manner now asserted by petitioner. Petitioner's Objections are overruled.

Accordingly, it is now

**ORDERED**:

1. The Report and Recommendation (Doc. #33) is **ACCEPTED AND ADOPTED** as set forth above.

2. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #1) is **DENIED.**

3. Petitioner's First Amended Petition Under 28 U.S.C. § 2255 (Doc. #24) is **DENIED.**

4. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004)(citation omitted), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citation omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>2nd</u> day of August, 2013.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record